**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**EMMANUEL ONYEKACHI OSUCHUKWU,** *

**Plaintiff,** *

**v.** * **Civ. No. JKB-24-01974**

**MARYLAND STATE BOARD OF ELECTIONS,** *

**Defendant.** *

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Emmanuel Onyekachi Osuchukwu has brought this action against Defendant Maryland State Board of Elections, challenging Maryland's ballot petition signature requirement for independent candidates seeking to run in the 2024 general election for the United States Senate. (Comp., ECF No. 1.) Plaintiff contends that the signature requirement violates Article I of the United States Constitution as well as the First and Fourteenth Amendments (*Id.* ¶¶ 12–22), and he seeks injunctive and declaratory relief that would prohibit the state from enforcing this requirement (*Id.* ¶¶ A–E).

Three motions are pending before the Court. Plaintiff has filed a Motion for Preliminary Injunction (ECF No. 2), which would require Defendant "to keep the ballot open until a final ruling on this complaint is issued or to place Plaintiff's name on the ballot for the November 2024 general election." (*Id.* at 2.) Plaintiff has also moved for an expedited hearing on his Preliminary Injunction request. (ECF No. 10.) And Defendant has filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.) All three motions will

be denied as moot, and the Complaint will be dismissed, because the Court lacks subject-matter jurisdiction over this action.[1]

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). This requirement "springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 95 (1998) (alteration and quotation omitted).

The Eleventh Amendment to the United States Constitution provides that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

"While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme] Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). This immunity "extends to state agencies" as well as the state itself. *McCray v. Md. Dept. of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014).[2]

Defendant has not raised the defense of sovereign immunity in this case. But the "case law is clear that because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even sua sponte." *Id.* (quotation omitted). Because Plaintiff

---

[1] Because the Court is dismissing this case on jurisdictional grounds, it does not and cannot decide on the merits of Plaintiff's claims. However, the Court observes that its analysis would likely be guided by the Fourth Circuit's decision upholding North Carolina's ballot petition signature requirements in *Buscemi v. Bell*, 964 F.3d 252, 264–66 (4th Cir. 2020), which appears to be directly on point with this case.

[2] There is an exception to Eleventh Amendment immunity under the doctrine of *Ex Parte Young*, 209 U.S. 123, 160 (1908), which permits a suit for prospective relief to be brought in federal court against state officials accused of violating federal law. *Indus. Servs. Grp. v. Dobson*, 68 F.4th 155, 163 (4th Cir. 2023). But here, Plaintiff has not sued an individual state official, but rather an agency of the State.

has sued an instrumentality of the State of Maryland, and because Plaintiff has not pointed to any abrogation or waiver of sovereign immunity, the Court lacks jurisdiction over this matter and it must be dismissed. *See Sutton v. Dep't of Hum. Servs.*, Civ. No. RDB-19-0542, 2019 WL 4447379, at *4 (D. Md. Sept. 17, 2019) (dismissing a complaint against a state agency on Eleventh Amendment sovereign immunity grounds sua sponte, and noting that "[t]he Defendant's failure to formally raise the defense does not preclude this Court from addressing it").

Because the Court lacks subject matter jurisdiction, it must dismiss the case. Accordingly, it is ORDERED that:

1. Plaintiff's Complaint (ECF No. 1) is DISMISSED, without prejudice to Plaintiff filing an Amended Complaint against a proper Defendant;
2. Plaintiff's Motion for Preliminary Injunction (ECF No. 2) is DENIED AS MOOT;
3. Defendant's Motion to Dismiss (ECF No. 8) is DENIED AS MOOT;
4. Plaintiff's Request for Expedited Motion Hearing (ECF No. 10) is DENIED AS MOOT; and
5. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Plaintiff.

DATED this 23 day of August, 2024.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge